UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK TURNER and PAM TURNER, co-
administrators of the Estate of CORBIN
TURNER, deceased,

    Plaintiffs,

  v.

OFFICE OF THE SHERIFF OF
CRAWFORD COUNTY, et al.,

    Defendants.

Case No. 08-cv-837-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs's Motion to Reconsider the Court's Order Dismissing Counts I, II, III, IV, V, VI, and VII with Prejudice (Doc. 42). Also before the Court is Plaintiffs's Motion to Amend Counts I, II, III, IV, V, VI, and VII (Doc. 44). For the following reasons, the Court DENIES both Motions.

On November 25, 2008, Plaintiffs filed a twenty-two count complaint alleging that Defendants violated the Eighth and Fourteenth Amendment rights of Plaintiffs's deceased son, who died of cocaine intoxication while in Defendants's custody. On February 17, 2009, Defendant Todd W. Liston filed a Motion to Dismiss the claims against him, asserting that Plaintiffs had failed to allege that he was involved in or acquiesced in the alleged constitutional violations suffered by Plaintiffs's deceased son. Also on February 17, 2009, Defendants Tate Myers and Troy Love filed a Motion to Dismiss the claims against them, asserting that the facts alleged in the Complaint did not state a claim upon which relief could be granted. Under Local Rule 7.1(c), Plaintiffs's responses were due 30 days after the Motions to Dismiss were filed. On May 14, 2009, 86 days after the Motions to Dismiss were filed, the Court entered an Order to

Show Cause why Plaintiffs's failure to respond to the Motions should not be construed as an admission by Plaintiffs to the merits of the Motions.  Plaintiffs were given two weeks to respond to the Order to Show Cause.

Plaintiffs's response, filed May 26, 2009, did not address the Motion to Dismiss filed by Defendants Love and Myers.  As to Defendant Liston's Motion to Dismiss, the response merely stated "Plaintiffs admit that Counts I, II and III should be dismissed as currently pled.  Plaintiffs request twenty-one (21) days to file amended Counts I, II, and III."  Plaintiffs gave the Court no indication of how they intended to amend the complaint so as to state a claim against Defendant Liston.  Nor did Plaintiffs indicate why, having been on notice of the deficiencies in their complaint for 97 days, they needed an additional 21 days to cure them.  Twenty-one days later, on June 16, 2009, having received nothing further from Plaintiffs, the Court dismissed the claims against Defendants Liston, Love and Myers with prejudice.  The following day, Plaintiffs filed the instant Motion to Reconsider and a Motion to Amend their complaint.

In the Motion to Reconsider, Plaintiffs's counsel, S. Craig Smith, informs the Court that he was away from his office for the months of April and May for personal reasons.  He does not say whether he attempted to find another attorney to handle his cases for those months.  Nor does he explain why he was unable to respond by mid-March to motions filed in mid-February merely because he was out of the office in April and May.  At any rate, Smith claims that, on returning to his office, he responded to Liston's Motion to Dismiss, but overlooked the Motion filed by Myers and Love.  However, it is clear from the substance of the response filed that it was addressed to the Court's Order to Show Cause, not to Liston's Motion.  The Order to Show Cause clearly pointed counsel to both Motions to Dismiss.  Therefore, the Court is at a loss as to how Smith could have overlooked both the Motion to Dismiss itself and the references to it in

the Show Cause Order.

Moreover, the instant Motion to Reconsider and the Memorandum in Support of that Motion do not address the legal standard governing motions to reconsider. Instead, Smith addresses the standard governing a motion to dismiss by quoting the now-defunct language of *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957), *abrogated by Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). In addition to citing an outdated case and applying the wrong legal standard, Smith also appears to have misapprehended the underpinnings of the Motion to Dismiss filed by Defendants Love and Myers. Defendants did not move for dismissal, and the Court did not grant it, merely because Plaintiffs used the words "utter indifference or conscience disregard" rather than the words "deliberate indifference." There are no "magic words" that plaintiffs must use in order to state a claim. Rather, plaintiffs must simply meet federal pleading requirements by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Defendants Love and Myers argued that, in order to show that they are entitled to relief, Plaintiffs had to plead facts from which an inference could be drawn that Love and Myers exhibited deliberate indifference to the decedent's serious medical need. *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). The facts alleged by Plaintiffs could not support such an inference, argued Defendants, because Plaintiffs alleged merely that Defendants "knew or should have known" about the serious medical needs of the decedent. Taken as true, those allegations support an inference of nothing more than mere negligence. Therefore, Plaintiffs failed to state a claim upon which relief could be granted. The Court has reviewed Plaintiffs's proposed Amended Complaint, and notes that the substantive deficiencies complained of by Defendants Love and Myers have not been corrected.

At this point, the Court will enumerate the myriad substantive, procedural, and typographical errors committed by Plaintiffs and Plaintiffs's counsel since the inception of this case.

- Plaintiffs named Todd W. Liston in the caption of the case, but did not include him in the body of the complaint.

- Plaintiffs alleged counts in the body of the complaint against Robinson Police Department, but did not name it in the caption of the complaint.

- Plaintiffs brought claims against the Crawford County Board, an entity without the legal capacity to be sued.

- Plaintiffs mislabeled Count 20 as Count 17 and Count 22 as Count 19, resulting in two "Count 17s" and two "Count 19s" and much confusion.

- Plaintiffs were dilatory in meeting their filing obligations, as outlined above.

- Plaintiffs failed to support their Motion to Reconsider with citations to the relevant legal standard.

- Plaintiffs attempted to support their Motion by citing a case that is no longer good law for the legal point they raise.

- Plaintiffs failed to rectify, in their proposed amended complaint, the deficiencies that resulted in the dismissal of their claims.

## ANALYSIS

There are two ways in which a Court may analyze a Motion to Reconsider, under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of

erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998).

However, where "the only arguable basis for relief presented in the motion . . .is 'excusable neglect,'" the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Here, Plaintiffs's counsel simply asks the Court to excuse his neglect of this litigation. Therefore, the only arguable basis for relief presented in the Motion to Reconsider is Rule 60(b)'s "excusable neglect."

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "Excusable neglect" within the meaning of the Rule can include omissions through an attorney's carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)). However, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington*, 433 F.3d at 546 (*quoting Easley v. Kirmsee*, 382 F.3d 693,698 (7th Cir. 2004)).

Here, Plaintiffs's counsel has clearly been inattentive to this litigation. The errors and

omissions of counsel go beyond merely missing a filing deadline. Rather, it is clear that counsel has, from the first filing of this case, been neglectful and careless in his handling of it. Moreover, counsel's proffered reason for failing to respond to the Motions to Dismiss, that he was out of the office for the months of April and May, do not account for his missing a filing deadline in March. Additionally, his proffered explanation that he overlooked the Motion filed by Love and Myers does not account for the fact that he failed to respond to the section addressed to that Motion in the Court's Order to Show Cause. In short, the Court's Order dismissing the claims against Defendants Love, Myers and Liston did not result from excusable neglect on the part of Plaintiffs's counsel, but from inexcusable inattention to the litigation. Accordingly, Plaintiffs have provided the Court with no reason to reconsider its Order granting the Motions to Dismiss filed by Defendants Liston, Myers and Love. Therefore, The Court **DENIES** the Motion to Reconsider the Court's Order Dismissing Counts I, II, III, IV, V, VI, and VII with Prejudice (Doc. 42) and **DENIES** Plaintiffs's Motion to Amend Counts I, II, III, IV, V, VI, and VII (Doc. 44).

**IT IS SO ORDERED.**
**DATED: July 29, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**