UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JACK TURNER and PAM TURNER, *co-administrators of the Estate of Corbin Turner, deceased*,

        Plaintiffs,

   v.

OFFICE OF THE SHERIFF OF CRAWFORD COUNTY, *et al.*,

        Defendants.

Case No. 08-cv-837-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Jack Turner and Plaintiff Pam Turner's Motion (Doc. 61), pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss certain claims against Defendant Bruce Felty and Defendant Officer Strauch. The Turners seek to dismiss with prejudice those claims against Felty and Strauch in their individual capacity, specifically Counts XIII, XIV, XV, and XVI. However, the Turners do not wish to dismiss those claims against Felty or Strauch in their capacity as agents or employees of the Police Department of the City of Robinson, which includes Counts XVII, XVIII, and XIX.

Federal Rule of Civil Procedure 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment or in the absence of a stipulation of dismissal of an entire case from all the parties.[1] Here, Rule 41(a)(2) is inapplicable, though, because it speaks of dismissing an *entire action*, that is, all claims against a defendant. 8 James Wm. Moore *et al.*, Moore's Federal Practice § 41.21 [1]-[2] (3d ed. 2009);

---

[1] When ruling on a motion made under Rule 41(a)(2), the Court may impose such terms and conditions as it deems proper, and those terms and conditions normally include paying the defendants' expenses incurred in defending the suit, including attorney's fees. *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

*see, e.g.*, *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993); *U.S. v. Outboard Marine Corp.*, 104 F.R.D. 405, 414 (N.D. Ill. 1984) (wherein the district court denied plaintiff's request under Rule 41(a)(1) for voluntary dismissal of a single claim), *aff'd* 789 F.2d 497 (7th Cir. 1986).  As aforementioned, the Turners ask the Court to dismiss some, but not all, claims against Felty and Strauch; accordingly, they cannot be granted relief under Rule 41(a)(2).

For the foregoing reasons, the Court **DENIES** the instant motion (Doc. 61).

**IT IS SO ORDERED.**
**DATED: February 4, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
